OPINION
William C. Osterhaus appeals from a judgment of the County Court of Montgomery County, Area One, which found him guilty of domestic violence in violation of R.C. 2919.25(C).
The facts which gave rise to the domestic violence charge were as follows. On January 11, 2000, Mr. Osterhaus, his former wife, Anne Marie ("Ms. Osterhaus"), and several of their children were living at Mr. Osterhaus's home at 137 Devonshire in Trotwood. The couple got into an argument during which Mr. Osterhaus called Ms. Osterhaus names and said he "would like to crack [her] head fucking wide open." In response, Ms. Osterhaus told him to "go right ahead and we'll send [you] to jail now and [you] won't have to wait any longer." Mr. Osterhaus then indicated that he did not intend to act in conformity with his statement. Ms. Osterhaus called the police about this incident the following evening after Mr. Osterhaus had been yelling at their daughter.
On January 13, 2000, Mr. Osterhaus was charged with domestic violence in violation of R.C. 2919.25(C), which provides that no person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member. He was tried on January 20, 2000 and was found guilty. He was sentenced to thirty days in jail, with twenty days suspended, and to six months of probation, and he was fined $200.
Mr. Osterhaus raises two assignments of error on appeal.
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S CRIMINAL RULE 29 MOTION AT THE CONCLUSION OF THE STATE'S CASE.
Mr. Osterhaus argues that there was insufficient evidence that Ms. Osterhaus had believed that he would cause her imminent physical harm based upon her response to his statement and upon the fact that she did not call the police for almost twenty-four hours.
Sufficiency of the evidence is a term of art meaning that legal standard which is applied to determine whether the evidence is legally sufficient to support the verdict as a matter of law.State v. Thompkins (1997), 78 Ohio St.3d 380, 386, citing Black's Law Dictionary (6 Ed. 1990) 1433. In considering the sufficiency of the evidence, the pivotal question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Ms. Osterhaus was the only witness to testify at trial. She testified to the events as described supra, and she stated that she had believed that Mr. Osterhaus would cause her imminent physical harm when he threatened to crack her head open. This testimony was competent, credible evidence establishing Ms. Osterhaus's belief that Mr. Osterhaus was about to harm her. The fact that she may have confronted Mr. Osterhaus rather than cowering in response to his statement does not preclude the conclusion that she believed he meant to cause her harm. Thus, the trial court did not err in concluding that there was sufficient evidence of the belief of imminent harm to sustain a verdict.
Although Mr. Osterhaus argued in the trial court that there was insufficient evidence of a threat of force to support a conviction, he has abandoned this argument on appeal, and we therefore will not address it.
The first assignment of error is overruled.
 II. MR. OSTERHAUS'[S] CONVICTION FOR DOMESTIC VIOLENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR ACQUITTAL AT THE CLOSE OF TRIAL.
Under this assignment of error, Mr. Osterhaus argues that the trial court's conclusion that Ms. Osterhaus had believed that he would cause her imminent harm was against the manifest weight of the evidence.
In determining whether a conviction is against the manifest weight of the evidence, we review the entire record, weigh the evidence and all reasonable inferences, consider witnesses' credibility, and determine whether, in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Thompkins, 78 Ohio St.3d at 387, citing State v. Martin
(1983), 20 Ohio App.3d 172, 175. We defer to the trial court's determinations of witness credibility because the decision whether, and to what extent, to credit the testimony of a particular witness is within the peculiar competence of the factfinder, who has seen and heard the witness. State v. Lawson
(Aug. 22, 1997), Montgomery App. No. 16288, unreported.
Ms. Osterhaus was the only witness to testify at trial, and she stated that she had feared that Mr. Osterhaus would harm her. The trial court was in the best position to judge the credibility of this testimony, and it found the testimony to be credible. The trial court was also in the best position to interpret Ms. Osterhaus's response that Mr. Osterhaus should "go right ahead" so he could go to jail soon. Although this statement could have evinced a lack of fear, it could also have been interpreted in other ways, such as to show that Ms. Osterhaus thought an attack was inevitable. We will not disturb the trial court's resolution of these issues, as it did not clearly lose its way in reaching the conclusion that it did.
The second assignment of error is overruled.
The judgment of the trial court will be affirmed.
 ________________________ WOLFF, J.
BROGAN, J. and YOUNG, J., concur.